# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.:

JUAN C. FAMILIA, and all others similarly
situated under 29 U.S.C 206(B),

    Plaintiff,

v.

IKON BUILDERS, LLC, a Florida limited
liability company, BLOK BUILDERS, LLC,
a Florida limited liability company, JOHN
KOVACS, individually, and RENE CABRERA,
individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Juan C. Familia ("Familia"), on behalf of himself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Ikon Builder, LLC ("Ikon"), Blok Builders, LLC ("Blok"), John Kovacs ("Kovacs"), and Rene Cabrera ("Cabrera") (collectively referred to as the "Employer") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2. At all material times, Ikon is a Florida limited liability company, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Blok is a Florida limited liability company, authorized to conduct and conducting business in Miami-Dade County, Florida.

4. At all material times, Kovacs is *sui juris* and a resident of Miami-Dade County, Florida.

5. At all material times, Cabrera is *sui juris* and a resident of Miami-Dade County, Florida.

6. At all material times, Plaintiff is *sui juris* and a resident of Miami-Dade County, Florida.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

8. This action is brought by Plaintiff to recover from the Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

9. Upon information and belief, the annual gross revenue of the Employer was at all material times in excess of $500,000.00 per annum.

10. At all material times, the Employer was and continues to be an enterprise engaged in interstate commerce.

11. At all material times hereto, the Employer operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

12. As a result of the services provided by the Employer, two or more of its employees

regularly handled and worked with goods and materials moved in or produced in interstate commerce.

13. By reason of the foregoing, the Employer is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

14. Plaintiff and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## **GENERAL ALLEGATIONS**

15. Upon information and belief, Ikon employed Plaintiff as a non-exempt laborer on or about October, 2014, earning $14.00 per hour.

16. Upon information and belief, John Kovacs ("Kovacs") is an officer/director of Ikon and has economic control of Ikon, and of the nature and structure of Plaintiff's employment relationship with Ikon.

17. Upon information and belief, Rene Cabrera ("Cabrera") is an officer/director of Ikon and has economic control of Ikon, and of the nature and structure of Plaintiff's employment relationship with Ikon.

18. At all material times, Ikon's gross annual revenues were in excess of $500,000.00.

19. On or about, March 18, 2016, Plaintiff was injured while on the job and suffered an injury to his left hand.

20. However, prior to his injury, Plaintiff worked an average of forty-six (46) hours per week, forty (40) regular hours and six (6) overtime hours.

21. Notwithstanding, Employer willfully and intentionally failed/refused to pay to Plaintiff

the federally required overtime rate for the overtime hours he worked.

22. Employer knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

23. As a result, Plaintiff has suffered damages and is entitled to receive overtime compensation.

24. Plaintiff has complied with all conditions precedent to filing this action.

25. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

26. On November 17, 2016, Plaintiff through the undersigned counsel, sent to the Employer a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Employer failed/refused to do so or respond to same ("Demand"). A copy of the Demand is attached as "**Exhibit A**".

## COUNT I - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST IKON BUILDERS

27. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

28. This is a collective action against Ikon for overtime compensation pursuant to 29 U.S.C. § 216(B).

29. Upon information and belief, Ikon has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

30. Plaintiff routinely worked in excess of forty (40) hours per week for Ikon. Specifically,

Plaintiff estimates that he worked 6 hours of overtime per week for Ikon, and was paid straight time compensation.

31. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

32. Ikon knew or should have known that Plaintiff suffered or was permitted to work overtime for Ikon as defined in 29 U.S.C. § 203 (g).

33. Ikon failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

34. At all material times, Ikon knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

35. At all material times, Ikon failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

### COUNT II -
### VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
### AGAINST BLOK BUILDERS

36. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

37. This is a collective action against Blok for overtime compensation pursuant to 29 U.S.C. § 216(B).

38. Upon information and belief, Blok has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

39. Plaintiff routinely worked in excess of forty (40) hours per week for Ikon. Specifically,

Plaintiff estimates that he worked 6 hours of overtime per week for Ikon, and was paid straight time compensation.

40. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

41. Blok knew or should have known that Plaintiff suffered or was permitted to work overtime for Blok as defined in 29 U.S.C. § 203 (g).

42. Blok failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

43. At all material times, Blok knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

44. At all material times, Blok failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT III - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST JOHN KOVACS

45. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

46. This is a collective action against Kovacs for overtime compensation pursuant to 29 U.S.C. § 216(B).

47. Upon information and belief, Kovacs currently employs and has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three years from the filing of this Complaint.

48. Defendant, John Kovacs, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

49. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one half for all hours worked in excess of forty (40) hours per week.

50. Kovacs knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

51. Kovacs failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. §207 (a).

52. At all material times, Kovacs knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

53. At all material times, Kovacs failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT IV - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST RENE CABRERA

54. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-six (26) above.

55. This is a collective action against Cabrera for overtime compensation pursuant to 29 U.S.C. § 216(B).

56. Upon information and belief, Cabrera currently employs and has employed several other similarly situated employees, like Plaintiff, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three years from the filing of this Complaint.

57. Defendant, Rene Cabrera, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

58. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one

7

half for all hours worked in excess of forty (40) hours per week.

59. Cabrera knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

60. Cabrera failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. §207 (a).

61. At all material times, Cabrera knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

62. At all material times, Kovacs failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

63. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Juan C. Familia respectfully requests that judgment be entered in his favor against Defendants, Ikon Builders, LLC, Blok Builders, LLC, John Kovacs, and Rene Cabrera, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 9th day of March, 2017.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2250 SW 3rd Avenue, 4th Floor
Miami, Florida 33129
Telephone: (305) 704-3172
Facsimile: (305) 722-7378
E-mail: me@espino-law.com